UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 20-133-DMG (JEMx)** | Date | July 15, 2020 |
| Title | *Colton Bryant v. Trilasian Restaurant Group, Inc., et al.* | Page | 1 of 6 |

Present: The Honorable   DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS—ORDER RE PLAINTIFF'S APPLICATION FOR DEFAULT JUDGMENT [18]**

On January 6, 2020, Plaintiff Colton Bryant filed his Complaint against Defendants Trilasian Restaurant Group, Inc. d/b/a Ish Kitchen and Cindy Sun as Trustee of Cindy Sun Trust. ("Compl.") [Doc. # 1]. Plaintiff alleges that Defendants are the real property owners, business operators, lessors and/or lessees of Ish Kitchen, a restaurant in Temple City, California. *Id.* The Complaint alleges that Defendants were negligent and violated the Americans with Disabilities Act ("ADA"), California's Unruh Civil Rights Act ("Unruh Act"), California's Disabled Persons Act, the California Health & Safety Code by failing to provide ADA-compliant parking spaces, signage, ramps, and routes of access at Ish Kitchen. *Id.* at ¶¶ 13, 23-30. Plaintiff seeks injunctive relief under the ADA and the Unruh Act, statutory damages under the Unruh Act and the California Disabled Persons Act, and attorneys' fees and costs. *Id.* at 12.[1] Despite being served with the Complaint and summons, Defendant Sun has not appeared in this matter.

Plaintiff voluntarily dismissed Trilasian Restaurant Group from this action on April 15, 2020. [Doc. # 12.] The Clerk entered default against Sun on April 24, 2020 [Doc. # 16], and Plaintiff now applies for a default judgment against her. Motion for Default Judgment ("MDJ") [Doc. # 18]. For the reasons discussed in this Order, the Court **GRANTS** Plaintiff's MDJ as to Plaintiff's claims for violations of the ADA, the Unruh Act, California's Disabled Persons Act, and the California Health & Safety Code, but **DENIES** Plaintiff's MDJ as to his claim for negligence.

---

[1] All page references herein are to page numbers inserted in the header of the document by the CM/ECF filing system.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 20-133-DMG (JEMx)** | Date | July 15, 2020 |
|---|---|---|---|
| Title | *Colton Bryant v. Trilasian Restaurant Group, Inc., et al.* | Page | 2 of 6 |

# I.
# DISCUSSION

**A.  Federal Rule of Civil Procedure 55(b)(2), Local Rule 55-1, and the *Eitel* Factors**

Plaintiff has complied with the procedural requirements applicable to default judgments. *See* Fed. R. Civ. P. 55(b)(2); C.D. Cal. L.R. 55-1; Yoon Decl. at ¶¶ 2-5 [Doc. # 18-2]. Plaintiff's counsel filed a declaration in support of the MDJ attesting that: (1) Sun is not a minor or incompetent person or in military service or otherwise exempted under the Soldier and Sailor's Civil Relief Act of 1940, (2) the Clerk entered default against Sun, (3) Sun has not appeared in this action, and (4) Sun was served this application on May 27, 2020. Yoon Decl. at ¶¶ 2-5, MDJ at 5.

Plaintiff has also shown that the *Eitel* factors weigh in favor of entering a default judgment against Sun. *See Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986). In *Eitel*, the Ninth Circuit set forth a number of factors that courts may consider when evaluating a default judgment motion: (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Id.* at 1471–72.

Plaintiff will be prejudiced without a default judgment—no other enforceable form of relief against Defendant exists at this stage of the proceedings and Plaintiff has already incurred expenses pursuing his claim. *See* Yoon Decl. at ¶ 5; *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002). Plaintiff has submitted a well-pleaded complaint, and since a default has been entered, the Court presumes that Plaintiff's allegations are true. *See Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977) ("[U]pon default[,] the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.").

Plaintiff alleges that he must use a wheelchair for mobility. Compl. at ¶ 1. He went to Ish Kitchen and discovered that the business did not have parking spaces designated for persons with disabilities, signs stating "Minimum fine $250," a ramp for the access aisle that is level with the parking spaces, or routes of access that allowed him to enter. *Id.* at ¶¶ 13, 23-30. Bryant Decl. at ¶¶ 4-5 [Doc. # 18-3]. Plaintiff claims that these barriers to his access caused him difficulty and discomfort. *See* Bryant Decl. at ¶¶ 4-5, MDJ at 5.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 20-133-DMG (JEMx)** | Date | July 15, 2020 |
|---|---|---|---|
| Title | *Colton Bryant v. Trilasian Restaurant Group, Inc., et al.* | Page | 3 of 6 |

These allegations, taken as true, are sufficient to support Plaintiff's ADA claim. Under the ADA, "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or oper1ates a place of public accommodation." 42 U.S.C. § 12182(a). To prevail on an ADA discrimination claim, "the plaintiff must show that (1) she is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied public accommodations by the defendant because of her disability." *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 730 (9th Cir. 2007). Plaintiff is a physically disabled person under the ADA. *See* 42 U.S.C. § 12102(2)(A). The restaurant qualifies as a public accommodation under the ADA. *See id.* § 12181(7)(A). Plaintiff personally encountered the above-described barriers to his access, which each qualify as an actionable physical barrier under the ADA. *See* 36 C.F.R., Part 1191, Appendix B, §§ 206.2.2, 206.2.4, 406.3, 406.5; 36 C.F.R., Part 1191, Appendix B § 226.1. These allegations are also sufficient to demonstrate violations of the Unruh Act, Disabled Persons Act, and Health & Safety Code. Cal. Civ. Code § 51(f) (ADA violations constitute Unruh Act violations); Cal. Civ. Code § 54 (ADA violations constitute Disabled Persons Act violations); *Botosan v. Fitzhugh*, 13 F. Supp. 2d 1047, 1052 (S.D. Cal. 1998) (Health and Safety code "authorizes a disabled person to bring an action . . . if the person is denied equal access").

On the other hand, Plaintiff's MDJ does not mention his negligence claim or make any effort to show that Sun has breached any duty that they owed to him. *See* MDJ. Nor do the allegations in his Complaint make clear that Sun is liable for negligence. The Court therefore cannot enter a default judgment against Sun as to Plaintiff's negligence claim.

Next, the Court "must consider the amount of money at stake in relation to the seriousness of Sun's conduct." *PepsiCo, Inc. v. California Sec. Cans*, 238 F. Supp. 2d 1172, 1176 (C.D. Cal. 2002). Here, Plaintiff seeks the minimum statutory damages, $4,000, as well as attorneys' fees and costs in the amount of $3,640.00. MDJ at 2; Yoon Decl. at ¶ 5. These amounts are proportional to the harm alleged.

There is no possibility of a dispute concerning the material facts of the case because the well-pleaded factual allegations are presumed to be true. In addition, the procedural history of this case weighs against a finding of excusable neglect, given that Defendant has chosen not to appear. *See Shanghai Automation Instrument Co., Ltd. v. Kuei*, 194 F. Supp. 2d 995, 1005 (N.D. Cal. 2001) (finding no excusable neglect where the defendants were served and failed to respond). Lastly, Defendant's failure to meaningfully participate in this action renders a decision on the merits impractical. *Elektra Entm't Grp. Inc.*, 226 F.R.D. at 392.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 20-133-DMG (JEMx)** | Date | July 15, 2020 |
|---|---|---|---|

| Title | *Colton Bryant v. Trilasian Restaurant Group, Inc., et al.* | Page | 4 of 6 |
|---|---|---|---|

Given the foregoing, the Court concludes that the entry of a default judgment against Sun is appropriate as to Plaintiff's ADA, Unruh Act, Disabled Persons Act, and Health & Safety Code claims, but not appropriate as to Plaintiff's negligence claim.

**B.     Remedies**

Injunctive relief is appropriate "when architectural barriers at defendant's establishment violate the ADA and the removal of the barriers is readily achievable." *Vogel v. Rite Aid Corp.*, 992 F. Supp. 2d 998, 1015 (C.D. Cal. 2014) (holding that "[t]he standard requirements for equitable relief need not be satisfied when an injunction is sought to prevent the violation of a federal statute which specifically provides for injunctive relief" (quoting *Moeller v. Taco Bell Corp.*, 816 F. Supp. 2d 831, 859 (N.D. Cal. 2011)). Thus, for the reasons stated *supra* Part I.A, Plaintiff may obtain an injunction compelling Sun to provide ADA-compliant parking spaces, signs, ramps, and routes of access at Ish Kitchen.

For the same reasons, Plaintiff may recover $4,000 in statutory damages even though he suffered no actual damages. *See* Cal. Civ. Code § 52(a). While Plaintiff appears to request a separate $4,000 award under the Unruh Act, Disabled Persons Act, and Health and Safety Code, plaintiffs may not recover damages separately under each statute. *Rodriguez v. Barrita, Inc.*, 10 F. Supp. 3d 1062, 1074 (N.D. Cal. 2014) (citing *Munson v. Del Taco, Inc.*, 46 Cal. 4th 661, 675 (2009)); Botosan, 13 F. Supp. 2d at 1052 (citing *Donald v. Cafe Royale, Inc.*, 218 Cal. App. 3d 168, 183 (1990)). Plaintiff may therefore receive only one $4,000 statutory damages award.

Plaintiff's counsel also requests $3,200 in attorneys' fees for eight hours of work on this case and $440.00 in filing fees and service costs. *See* Yoon Decl. at ¶ 5. The ADA provides that a court "in its discretion, may allow the prevailing party . . . a reasonable attorney's fee, including litigation expenses, and costs." 42 U.S.C. § 12205. Normally, parties obtaining default judgments who seek attorneys' fees must adhere to the attorneys' fee schedule laid out in the Central District's Local Rule 55. In civil rights cases, however, if the prevailing party submits a written request for fees in excess of the amount the schedule sets, district courts are "obliged to calculate a reasonable fee in the usual manner, without using the fee schedule as a starting point." *Vogel v. Harbor Plaza Ctr.*, 893 F.3d 1152, 1159 (9th Cir. 2018) (internal quotations omitted). The Ninth Circuit utilizes the lodestar method for calculating reasonable attorney's fees, "multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate." *Welch v. Metro Life Ins. Co.*, 480 F.3d 942, 945 (9th Cir. 2007). The fee applicant bears the burden of submitting supporting evidence for the hours worked and rates claimed. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 20-133-DMG (JEMx)** | Date | July 15, 2020 |
|---|---|---|---|

| Title | *Colton Bryant v. Trilasian Restaurant Group, Inc., et al.* | Page | 5 of 6 |
|---|---|---|---|

Plaintiff's counsel has provided no evidence or support justifying his requested rate of $400 per hour. *See* Yoon Decl. Instead, he simply lists general litigation-related tasks in his declaration, states that these tasks took eight hours, and concludes that he is entitled to recover $3,200. Without any evidence in the record to support an award of a $400 hourly rate, the Court concludes that a reasonable hourly rate is far lower. Given the brief nature of this litigation, and the fact that Plaintiff's counsel has filed many other similar suits using documents that appear to stem from the same template or group of templates, a more reasonable hourly rate is $200 per hour.

The Ninth Circuit has stated that "plaintiff's counsel can meet his burden" of showing the hours he worked on a case "by simply listing his hours and 'identifying the general subject matter of his time expenditures.'" *Fischer v. SJB-P.D. Inc.*, 214 F.3d 1115, 1121 (9th Cir. 2000) (citation omitted). Plaintiff's counsel has cleared that low bar—although just barely—stating in his declaration that he spent eight total hours on the following: (1) discussing the case with the client; (2) conducting a preliminary inspection of the real property; (3) conducting research of public records to determine the identities of the business owner and owner of the real property; (4) drafting the Complaint; (5) drafting and executed the motion for entry of default; (6) and drafting this application for default judgment and supporting declarations. Yoon Decl. at ¶ 5.

While these entries support *some* recovery, the Court determines that these general statement are comparable to block billing, which warrants a reduction in recoverable fees because such practices "frustrat[e] the Court's efforts to determine whether the fees were, in fact, reasonable" for each itemized task. *Mendez v. County of San Bernardino*, 540 F.3d 1109, 1128–29 (9th Cir. 2008). The Court therefore reduces the block-billed entries by 20%. *See Pierce v. Cty. Of Orange*, 905 F. Supp. 2d 1017, 1030-31 (C.D. Cal. 2012) (citing *Moreno v. City of Sacramento*, 534 F. 3d 1106, 1112 (9th Cir. 2008)) (noting that "courts generally impose only a 5% to 20% reduction for those hours block-billed.").

The Court will therefore award Plaintiff's counsel attorneys' fees for 6.4 hours of work at a rate of $200 per hour, which yields a total of $1,280. Plaintiff's counsel's request for $440 for filing fees and service costs is reasonable.

## II.
## CONCLUSION

In light of the foregoing, the Court **GRANTS** Plaintiff's MDJ as to his claims under the ADA, Unruh Civil Rights Act, Disabled Persons Act, and California Health & Safety Code. The MDJ is **DENIED** as to Plaintiff's negligence claim. The Court will enter a total judgment of $5,720 (consisting of a $4,000 statutory penalty, $1,280 in attorneys' fees, and $440 in costs) in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 20-133-DMG (JEMx)** | Date | July 15, 2020 |
|---|---|---|---|
| Title | *Colton Bryant v. Trilasian Restaurant Group, Inc., et al.* | Page | 6 of 6 |

favor of Plaintiff and against Sun as Trustee of Cindy Sun Trust. Sun is also hereby ordered to provide ADA-compliant parking spaces, signage, access aisles, ramps, and routes of access at Ish Kitchen, located at 5612 Rosemead Blvd., Temple City, California 91780.

    The July 17, 2020 hearing is **VACATED**.

**IT IS SO ORDERED.**